IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEROME ADRIAN DAVID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-23-128-SLP |
| ) | |
| DERRICK YAZEL, Warden,[1] ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner, Jerome Adrian David, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. He challenges the constitutionality of his state court conviction and sentence for second-degree burglary, felon in possession of a firearm and concealing stole property, in Case No. CF-2018-1628, District Court of Oklahoma County, State of Oklahoma. Petitioner brings three claims for habeas relief: Ground One – a violation of his Fourth Amendment rights based on an alleged illegal search of his home and seizure of property; Ground Two – a violation of his Sixth Amendment right to counsel because neither trial nor appellate counsel raised the issue of the violation of his Fourth Amendment rights at trial or on direct appeal; and Ground Three – a violation of his double jeopardy rights under the Fifth Amendment.

---

[1] Petitioner is incarcerated at the Northeast Oklahoma Correctional Center (NOCC), a state prison. The Clerk of Court is therefore directed to substitute Derrick Yazel, Warden of NOCC, in place of the State of Oklahoma as party respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin who issued a Report and Recommendation [Doc. No. 10] (R&R) denying habeas relief.  Petitioner timely filed an Objection [Doc. No. 12] to the R&R.  Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge has recommended denying the Petition because Grounds One through Three are procedurally barred.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").  In his Objection, Mr. David only challenges the Magistrate Judge's findings as to Grounds One and Two of the Petition.  Therefore, he has waived any objection with respect to Ground Three.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

As set forth in the R&R, Mr. David did not raise Grounds One and Two (his Fourth and Sixth Amendment claims) on direct appeal. *See* R&R at 2-3.[2] Instead, he first raised them in an application for post-conviction relief which was denied by the state district court. *See* Doc. No. 1-3 (reciting procedural history). Although Mr. David attempted to appeal the denial, his appeal was dismissed as the petition in error was untimely filed. *Id.* (reciting procedural history). Mr. David then requested leave to file an appeal out of time, but the state district court denied that request. *Id.* And the Oklahoma Court of Criminal Appeals (OCCA) then declined to exercise jurisdiction over the appeal of that order as Petitioner failed to timely file a notice of post-conviction appeal. *See* Order [Doc. No. 1-4].

The Magistrate Judge correctly determined, based on these facts, that Petitioner's claims are procedurally barred. *See* R&R at 6 (citing cases). In doing so, the Magistrate Judge rejected Petitioner's reliance on ineffective assistance of trial or appellate counsel as cause to overcome the procedural bar.[3] As the Magistrate Judge explained, Mr. David's reliance on ineffective assistance of appellate counsel as cause to overcome the procedural default of these claims is misplaced. The procedural default occurred in the context of his post-conviction proceedings. Mr. David had no right to counsel in those proceedings. *See*

---

[2] Mr. David raised a single claim on direct appeal: "Mr. David's multiple convictions and sentences for a single criminal act violate Section 11." *See* Doc. No. 1-3 (Order Denying Application for Post-Conviction Relief (reciting procedural history)).

[3] The Magistrate Judge further determined Plaintiff could not overcome the procedural bar under the fundamental miscarriage of justice exception. *See* R&R at 6-7. Petitioner does not challenge that finding in his Objection, nor does the record support application of the fundamental miscarriage of justice exception, which requires a credible showing of actual innocence. *See id.*

3

*Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction."); *see also Hobdy v. Raemisch*, 916 F.3d 863, 885 (10th Cir. 2019) ("Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default.").

Moreover, "before Mr. [David] can use ineffective assistance of trial or appellate counsel to establish cause for his procedural default, he must first present this argument as an independent claim to the state court." *See Gonzales v. Hartley*, 396 F. App'x 506, 508-09 (10th Cir. 2010) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). This he has not done.

Mr. David further argues that he has diligently pursued his rights. He alleges – in conclusory fashion – that prison officials denied him access to materials needed to pursue post-conviction relief in the state courts. Mr. David fails to demonstrate cause to overcome the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him" (internal citations omitted)); *see, also*, *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (prisoner's reliance on placement in the restricting housing unit where he lacked access to legal materials as cause to overcome procedural default was not alleged with sufficient specificity); *Schwenke v. Utah*, No. 2:08-CV-467-TS, 2011 WL 4345196 at *2 and n.12 (D. Utah Sept. 15, 2011) ("Under Tenth Circuit case law, the lack of certain legal resources and legal knowledge does not carry

4

Petitioner's burden to show cause [as] this is a factor internal to Petitioner's defense (citing cases)).

Notably, contrary to Mr. David's allegations that he was denied access to legal materials from March 2022 through November 2022, the record belies such allegations as it reflects he filed his application for an appeal out of time before the OCCA in July 2022. *See* Doc. No. 1-3 (reciting procedural history). Although he attaches a request made on March 8, 2022 for access to the law library as evidence that he was hindered, the prompt response he received states that the law library supervisor and chief of security were working to get him such access. *See* Doc. No. 12-1. He provides no other information to indicate he was denied such access. *See Abeyta v. Estep*, No. 06–1220, 198 Fed. App'x 724, 727 (10th Cir. 2006) (unpublished decision) ("The district court was well within its discretion to decide that [petitioner's] reasons given for failure to exhaust – including difficulty obtaining the record in his first state post-conviction matter, lack of library access, and lack of counsel – did not constitute a sufficient showing of justifiable excuse or excusable neglect, let alone good cause (factually or legally) for the failure to exhaust").

And to the extent he claims a prison "legal clerk" gave him wrong information about what to file, again, he fails to establish the requisite cause. *Compare Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (finding, in context of equitable tolling of statute of limitations governing habeas claims, that reliance on an inmate law clerk "does not relieve [a petitioner] from the personal responsibility of complying with the law"); *Williams v. Florida Dep't of Corr.*, No. 3:18-cv-1228-TJC-LLL, 2022 WL 180811 at *5 (M.D. Fla. Jan. 20, 2022) (habeas petitioner's ignorance of the law as a pro se litigant and his reliance

5

on mistaken advise from a prison law clerk do not constitute cause to excuse a procedural default).

Finally, Mr. David has filed a Motion [Doc. No. 13] requesting leave to supplement his objection to the R&R.  The Court finds the Motion should be denied.  It was filed nearly six months after his Objection.  Although Mr. David states that the Supplement is based on "new facts that have been discovered" a review of the Supplement contains no such showing.  Even if the Court were to consider the information included in the Supplement, however, nothing set forth alters the Court's conclusion that Mr. David's claims are procedurally barred.  Mr. David reasserts the merits of his Fourth Amendment claim and reurges arguments asserting that ineffective assistance of counsel constitutes cause to overcome the procedural bar.  As set forth, Mr. David's reliance on ineffective assistance of counsel as cause is misplaced.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED in its entirety and the Petition [Doc. No. 1] is DENIED.

IT IS FURTHER ORDERED as follows:

1,   Petitioner's Motion for Leave to Supplement [Doc. No. 13] is DENIED.

2.   Petitioner's Motion to Compel Judgment [Doc. No. 16] is DENIED as MOOT.

3.   Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must

show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court finds that Petitioner has not made the requisite showing. The Court therefore DENIES a COA.

    IT IS SO ORDERED this 20th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE